IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BARNARD PIPELINE, INC., a Montana Corporation, Plaintiff, vs. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, Defendant. | CV 13–07–BU–DLC ORDER |

Before the Court is Defendant's motion to compel testimony under Rule 30(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the motion is granted as specifically described below.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Barnard Pipeline, Inc., ("Barnard") brings this action against its insurer, Defendant Travelers Property Casualty Company of America ("Travelers"), for a declaratory judgment that Travelers is obligated to provide coverage. Barnard also asserts a claim of insurance bad faith against Travelers.

-1-

Barnard tendered a claim to Travelers for alleged covered losses associated with Barnard's construction of a pipeline project in Utah. Barnard allegedly tendered the claim for coverage on December 6, 2011. Travelers allegedly had over a year to complete its investigation into Barnard's claim, but had not provided a decision concerning coverage when Barnard filed its complaint against Travelers on January 2, 2013. Barnard alleges that Travelers acted in bad faith in conducting its investigation and loss adjustment.

On December 12, 2013, Travelers served Barnard with an amended Rule 30(b)(6) designee deposition notice. The notice requested that the designee be prepared to discuss twenty-four different topic areas at the deposition. Barnard designated Marty Jorgensen to testify, and the deposition took place on December 20, 2013. Dissatisfied with a number of Jorgensen's responses during the deposition, Travelers' counsel noted that the proceeding would remain open for purposes of clarifying any of Jorgensen's responses.

Then, on January 10, 2014, Travelers emailed Barnard counsel a "non-exhaustive list" of twenty-two questions which it sought to ask Jorgensen at a follow-up deposition. (Doc. 69-3 at 2-3.) Barnard proposed to provide written answers to those questions, but Travelers again noted that a continuation deposition might nevertheless be necessary if it deemed the written responses

inadequate. After receiving Barnard's written responses, Travelers contended that Barnard answered some, but not all, of its questions, and the parties momentarily agreed to a February 12, 2014 telephone deposition to resolve the inadequacies. When Barnard refused to participate in the February 12th telephone deposition, Travelers agreed to narrow the scope of questioning to five topics it believed "were within the scope of the original Notice, on which the designated witness could not answer without further investigation, and on which the follow-up written answers did not fully resolve the question or raised new questions." (Doc. 69 at 7).

Barnard declined to provide further information on any of the five topic areas identified by Travelers, citing attorney-client privilege as to one topic area and sufficient previous responses as to the others. Travelers filed the instant motion to compel Rule 30(b)(6) testimony on March 7, 2014.

## APPLICABLE LAW

In discovery, when a party "name[s] as [a] deponent a public or private corporation," the corporation "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The party seeking discovery "must describe with reasonable particularity the matters for examination." *Id*. Pursuant to the

rule, the corporate designee "must testify about information known or reasonably available to the organization." *Id*. "This duty requires a Rule 30(b)(6) designee to testify to more than just what he or she personally knows . . . [t]he designee speaks for the organization as a whole and must make efforts to be able to do so." *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 558 (D. Mont. 2009). "The corporate party . . . has an affirmative duty to educate and to prepare the designated representative for the deposition." *Id*.

A party seeking discovery under Rule 30 may move to compel answers to questions which a deponent fails to answer. Fed. R. Civ. P. 37(a)(3)(B)(i). The "liberal discovery principles of the Federal Rules . . . require[] [a party opposing discovery] to carry a heavy burden of showing why discovery [should be] denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Parrick v. FedEx Grounds Package System, Inc.*, 2010 WL 2854314 at *1 (D. Mont. 2010) (citations omitted). "Broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**ANALYSIS**

The Court will address in turn each of the five topics about which Travelers

seeks additional information.

## A. Date when Barnard engaged outside counsel.

Travelers seeks disclosure of the date on which Barnard retained outside legal counsel with regard to its claim. Barnard refuses to provide that date, citing the protections of the attorney-client privilege and also arguing that Travelers failed to identify the topic in its deposition notice.

Rule 501 of the Federal Rules of Evidence provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." In Montana, a "client cannot, except voluntarily, be examined as to any *communication* made by the client to the client's attorney or the *advice* given to the client by the attorney in the course of the attorney's professional employment." Mont. Code Ann. § 26-1-803(2) (2013) (emphasis added); *see Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("the privilege extends only to communications and not to facts"). The attorney-client privilege "must be construed narrowly because it obstructs the truth-finding process." *Am. Zurich Ins. Co. v. Thirteenth Jud. Dist. Ct.*, 280 P.3d 240, 245 (Mont. 2012) (citations omitted). "The privilege protects only those disclosures – necessary to obtain informed legal advice – which might not have been made absent the privilege." *Id.* (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

The date upon which Barnard retained outside counsel in this case is not protected by the attorney-client privilege. The retention date is purely factual, would not itself have influenced or informed any advice Barnard received from counsel, and is not a communication "which might not have been made absent the privilege." *Id*.

Nor is Travelers' request outside the topical bounds Travelers identified in its December 12, 2013 deposition notice. Travelers' notice requested, in part, that Jorgensen be prepared to discuss: (1) the facts supporting Barnard's decision to make a claim, (2) all interactions between Barnard and Travelers related to the claim, (3) the facts supporting Barnard's letter to the Travelers Office of Consumer Affairs, and (4) Barnard's reasoning behind producing certain documents in support of its claim.

As part of a discussion about Barnard's letter to the Travelers Office of Consumer Affairs in which Barnard alleged that Travelers had engaged in a "one-sided investigation," the following exchange occurred:

> Q: Before we move on, is there any other way, other than what you have mentioned, which you believe demonstrates a one-sided investigation by Travelers?
>
> A: Yes, I do – I guess I would like to comment on the fact that, once conversation started with Luoma, they turned it over to counsel right away. We are not having conversations or investigations with anybody from Travelers as an adjuster. We are dealing with Mr.

Clark as an attorney.

Q: And –

A: So they have taken a defensive position from the very beginning.

Q: And is that different than the way Barnard reacted on its presentation of the claim?

A: I believe so, yes.

Q: How so?

A: I just – I think we were proactive on how we approached it. I think we were fair. I think we wanted individuals to participate from Travelers to justify where we were at.

Q: When did Barnard first engage outside counsel to assist with development of its claim?

A: Right after Luoma told us to provide the proof of loss and we realized there was going to be no help from Travelers' claim adjuster.

Q: Are you referring to the January 17, 2012 phone call?

A: I am not sure what the date – what the date was. If you want specific dates of those things, I will get them for you.

Q: I think I do want a date, then, at your – since you offered, a date that Barnard first engaged outside counsel with respect to this claim.

A: Okay. Are you making a note of that?

[Mr. Nygren]: I am.

A: Okay. Thank you.

Q: [Mr. Clark] Because I am understanding you to say that you

>believe Travelers' engagement of outside counsel to assist with the claim evaluation was evidence in your mind of a one-sided investigation.
>
>A: Yes.

(Doc 79 at 4-5.) The question as to the date Barnard first retained outside counsel, especially when viewed in its context, falls within the scope of the topics related to claim presentation and discussion of Barnard's letter to the Travelers Office of Consumer Affairs. The requirement that the notice identify topics with "reasonable particularity" relieves a deposing party from having to include a complete list of precise questions therein. *See Detoy v. City & Co. of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000) ("the 'reasonable particularity' requirement . . . renders the description of the scope of the deposition in the notice as the minimum about which the witness must be prepared to testify, not the maximum"). Notably, Barnard did not object to the question at the time of the deposition, and only now asserts that it exceeds the scope of the deposition notice. Indeed, at the time of the deposition, Barnard's representative and attorney agreed to provide the information.

In sum, Travelers motion to compel Rule 30(b)(6) testimony is granted to the extent Barnard must disclose the date on which it retained outside counsel on this case. The fact of the date is neither protected by the attorney-client privilege

nor outside the scope of Travelers' December 12, 2013 deposition notice.

**B. Pipe installation on pre-existing roads.**

Travelers seeks clarification regarding pre-existing access roads along which Barnard claims to have installed pipe. At deposition, Jorgensen confirmed that Barnard had installed pipe adjacent to such roads, but could not specifically identify which ones. After the deposition, Barnard provided additional information on the topic in the form of a spreadsheet listing "[a]lignment[s] where 36" pipe was installed in Access Roads." (Doc. 69-5 at 7.) Barnard contends that the document lists mile marker designations which correspond to a project map it previously provided to Travelers. Travelers contends that "the exhibit itself needs to be explained because it is not inherently clear what is being demonstrated by the exhibit." (Doc. 69 at 9.) Travelers does not dispute that Barnard provided a project map showing the pipeline and mile markers.

Barnard must supplement its response to the question of whether and to what extent the company has installed pipe along pre-existing access roads. "The fact that [Barnard] provided relevant documents after the deposition does not rectify its failure to produce a representative to testify on the substance of those documents." *Educ. Logistics, Inc. v. Laidlaw Transit, Inc.*, 2012 WL 73189 at *6 (D. Mont. January 20, 2012). Regardless of whether Travelers possesses a project

map to which the mile marker figures relate, *how* they relate is not self-evident and requires further explanation from Barnard. Additionally, Travelers may wish to ask follow-up questions on this issue, and should not be prevented from doing so simply because Barnard provided information that it feels adequately responds to Travelers' initial question. Travelers' motion to compel is granted in this respect.

**C. "Bending" activities related to right-of-way repair.[1]**

Travelers seeks further explanation of which project expenses allocated to pipe "bending"[2] actually describe work performed to repair the damaged right-of-way. Jorgensen noted at deposition that some of those costs were likely properly attributed to right-of-way repair, but could not estimate the total amount. After the deposition, Barnard indicated to Travelers in writing that "approximately 26% [of all 2-11 expenses] and in the amount of $82,000 was spent in attempts to repair and/or mitigate" right-of-way damage. (Doc. 69-5 at 4.) Barnard also provided a fifteen-page list of all 2-11 expenses charged between October 22, 2010 and August 7, 2011, totaling $576,480.87. (*Id*. at 8-22.) Travelers contends Barnard's

---

1. This issue may be largely mooted due to the Court's order granting summary judgment in favor of Travelers with respect to this claimed expense. Nonetheless, consistent with the principle of a broad right of discovery and to the extent the parties continue to regard this issue as relevant, the Court will rule on this issue.
2. Barnard identifies "bending" work in its cost detail reports under the reference code "2-11," and the parties generally refer to those costs as "2-11 expenses."

response is insufficient. Barnard contends the opposite.

Similar to above, Barnard must supplement its response to Travelers' question regarding the 2-11 expenses. The spreadsheet Barnard provided makes no distinction between 2-11 expenses incurred for bending pipe and 2-11 expenses actually incurred for repairing the right-of-way. Further, Barnard's estimate that 26% of all 2-11 expenses, or $82,000, were related to right-of-way repair does not comport with the total listed in the document – 26% of $576,480.87 does not equal $82,000, as Barnard estimated. Barnard is not relieved of its obligation to respond to this question simply because it provided raw relevant data. *Educ. Logistics, Inc.*, 2012 WL 73189 at *6. Clearly, additional Rule 30(b)(6) testimony is needed to translate the contents of the spreadsheet, and Travelers' motion to compel is granted in this respect.

**D. Barnard's requests for mediation and Travelers' responses to those requests.**

Finally, Travelers seeks Barnard's identification of the specific instances when Barnard requested mediation regarding the claim, as well as instances when Travelers allegedly refused to participate. Though Jorgensen could not identify any of those instances at deposition, Barnard contends that it provided responsive information during the deposition of its in-house counsel on February 14, 2014 and in written responses dated February 19, 2014.

Barnard must supplement its response to this request.  At deposition on December 20, 2013, Travelers' counsel initially asked Jorgensen to identify "one time when Barnard has repeatedly requested Travelers to engage in mediation." (Doc 69-2 at 7.)  Jorgensen responded that he would have to confer with in-house counsel before providing an answer.  Barnard's eventual responses – references to letters allegedly containing mediation requests, reliance on in-house counsel's deposition testimony, and a passing reference to a "white waiver" – do not adequately address Travelers' request given the company's view that "it is not at all evident . . . what language . . . constitutes a request on Barnard's part to mediate."  (Doc. 79 at 10.)  The essence of Barnard's bad faith claim is, in part, that Travelers failed to reasonably investigate and work to settle its claim, and Barnard will undoubtedly attempt to proffer evidence of Travelers' refusal to mediate at trial.  Permitting Barnard to do so without giving Travelers the fullest opportunity to ascertain the basis for that contention would frustrate a central purpose of modern discovery: avoidance of surprise.  *See Ruiz v. Hamburg-American Line*, 478 F.2d 29, 32 (9th Cir. 1973).  Barnard must make Jorgensen available to answer any additional questioning Travelers might have as to the portions of the referenced correspondence, or any other documentation, which support Barnard's contentions regarding mediation in this case.

Accordingly, IT IS ORDERED that Travelers motion to compel 30(b)(6) testimony (Doc. 68) is GRANTED.

DATED this 13th day of May, 2014.

Dana L. Christensen, Chief District Judge
United States District Court